UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RALPH DAVENPORT, RICHARD DAVENPORT, Individually and on behalf others similarly situated,  Plaintiffs,<br><br>vs<br><br>COLLECTO, INC.,  Defendant. | Case No.<br>Hon.<br><br>**CLASS ACTION COMPLAINT** |

## COMPLAINT & JURY DEMAND

### Introduction

This class action involves the illegal placement of calls by Collectco Inc., on behalf of AT&T, to hundreds, if not thousands, of cell phone subscribers using automatic telephone dialing system or artificial or prerecorded messages.

In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "unrestricted telemarketing . . . can be an intrusive invasion of privacy . . ." 47 U.S.C. §227, Congressional Statement of Findings #5.  In 2003, the Federal Communications Commission issued rules clarifying the prohibition on automated and prerecorded calls to cell phones.

The FCC reaffirmed those rules in its January 4, 2008 Declaratory Ruling stating: "Specifically, the Commission affirmed that it is unlawful to make *any call* using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number."  The Commission went on to note that Congress found that automated or prerecorded telephone calls were a "greater nuisance and invasion of privacy than live solicitation calls, and that such calls can be costly and inconvenient."  See *In the Matter of Rules and Regulations*

*Implementing the Telephone Consumer Protection Act of 1999,* F.C.C. 07-232, 23 F.C.C.R. 559 (Dec. 28, 2007; released Jan. 4, 2008).

### Jurisdiction

1. This Court has jurisdiction under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.,* and 28 U.S.C. §§1331, 1337.

### Parties

2. Plaintiff Ralph Davenport is a natural person and a resident of Genesee County, Michigan.

3. Plaintiff Richard Davenport is a natural person, who resides in Genesee County, and is the son of Ralph Davenport.

4. Defendant Collecto, Inc. ("Collectco") is corporation, which conducts business in Michigan. It is a debt collector that conducts business under the name of Collection Company of America or "CCA-EOS." It collects debts for AT & T.

### Venue

5. The transactions and occurrences which give rise to this action occurred in Genesee County.

6. Venue is proper in the Eastern District of Michigan.

### Background Concerning Collectco

7. Collectco is a debt collector within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

8. Collectco's principal business operation in the collection of debts is the placing of large numbers of calls in order to locate and persuade debtors to repay defaulted debts.

9. This practice involves the placing of millions of calls every year, and Collectco relies heavily on technology including automated dialing systems, prerecorded messages and

artificial voices to place these calls.

10. These technologies are highly regulated by the TCPA, and that statute generally prohibits their use when calls are directed to cellular phones.

11. The regulation of calls using this regulated technology is a fact well known within the debt collection industry, and to Collectco.

12. In spite of the regulation on the use of these technologies, Collectco knowingly uses autodialers, prerecorded messages, and artificial voice messages when contacting third parties who have not consented to calls.

### General Allegations

13. Richard Davenport is a subscriber to a cell phone, which is used and carried by his father, Ralph Davenport.

14. The service for the cellular phone is via a "cellular telephone service" as described in 47 U.S.C. § 227(b)(1)(A)(iii).

15. Ralph Davenport maintains the cell phone and pays the bill on the account.

16. Ralph Davenport uses the cell phone to maintain personal contacts with family and friends and for emergency contact.

17. Both Ralph and Richard Davenport are subscribers for purposes of the TCPA.

### Legal Allegations

18. Richard and Ralph Davenport's claims arise under the TCPA, a federal statute enacted to prohibit unreasonable invasions of privacy.

19. It is a violation of the TCPA to call a person's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice message. 47 U.S.C. § 227(b)(1)(A)(iii).

20. In 2008 and 2009, Collectco placed numerous calls to the Davenports' cell phone in order to collect on an AT&T account that was not owed by either Richard or Ralph Davenport.

21. In each of these calls, Collectco used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1) to initiate the calls to the Davenport's cell phone.

22. In the calls, Collectco used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A) to transmit a communication.

23. Richard Davenport did not grant consent to Collectco or AT&T for the placement of calls to his cell phone.

24. Ralph Davenport did not grant consent to Collectco or AT&T for the placement of calls to his cell phone.

25. The calls from Defendants have caused interruptions and disruptions in Ralph Davenport's daily living and activities.

26. As a result of Defendants' wrongful conduct, Plaintiffs have suffered damages.

## Common Allegations

27. Collectco, falls within the definition of a "person", as defined by 47 U.S.C. § 153(39).

28. Collectco uses an autodialer system and prerecorded messages to contact large numbers of persons to collect AT&T debts.

29. Defendants failed to verify that the persons Collectco was calling with its automated dialer and prerecorded messages are in fact persons who have expressly consented to being contacted via these means.

30. Collectco, as CCA, has been the target of numerous complaints concerning its automated dialing and prerecorded messages by persons who have not consented to be contacted via these means.

31. Collectco did not use its automated dialer or prerecorded voice calls for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(I).

### Class Definition and Class Issues

32. Ralph and Richard Davenport bring this action on behalf of himself and a class of all other persons similarly situated, pursuant to Fed. R. Civ. P. 23.

33. The Davenports propose to represent the following classes:

   a. Autodialer Class –

      i. All persons residing in the territorial united states, excluding the Court and its staff,

      ii. who subscribe to a cellular telephone

      iii. whose cellular telephone number was dialed by Defendant using an automated telephone dialing system in the period starting four years prior to the filing of this suit through the date of certification;

      iv. whose phone number was not provided by the creditor as an authorized contact number for the debtor on the account being collected by Defendant.

   b. Prerecorded Message and Artificial Voice Class –

      i. All persons residing in the territorial united states, excluding the Court and its staff,

      ii. who subscribe to a cellular telephone

      iii. to whom Defendant delivered a message using either a prerecorded message or and artificial voice over that cellular phone in the period starting four years prior to the filing of this suit through the date of certification;

      iv. whose phone number was not provided by the creditor as an authorized

contact number for the debtor on the account being collected by Defendant.

34. A search of internet complaints reveals dozens of persons who have complained of similar conduct by Collectco.

35. Based upon these complaints, it appears that there are several hundred-class members.

36. The class is so numerous as to make it impracticable to join all the disparate members of the class.

37. This complaint seeks monetary damages under Fed.R.Civ.P. 23(b)(3).

38. The class claims in this case present common questions of law and fact including whether:

   a. Defendants use an autodialer to collect its debts;

   b. Defendants use prerecorded voice messages to collect its debts;

   c. Defendants made nonemergency calls to the Davenports and the class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

   d. Defendants had the prior express consent to make calls to the Davenports and the class members' cellular phones using an automated dialer or prerecorded voice;

   e. Defendants' conduct was knowing and/or willful;

39. These common questions predominate over any question affecting only individual class members.

40. The Davenports's claims are typical of the claims of the class members.

41. The Davenports base their claims and those on behalf of the class upon the same legal and remedial theories.

42. The Davenports will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims in

this case.

43. The Davenports have suffered similar injuries as the members of the classes that they seek to represent.

44. The Davenports have retained counsel experienced in handling class action suits involving unfair business practices and consumer law.

45. Neither the Davenports nor their counsel have any interest, which might cause them not to vigorously pursue this action.

46. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

47. No individual class member could be expected to hold a strong interest in individually controlling the prosecution of separate claims against Defendants, because the claim amounts are likely small and involve statutory damages under the TCPA.

48. Management of these claims will likely present few difficulties because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

## COUNT I – Class Claim under the Telephone Consumer Protection Act of 1991 and 47 C.F.R. 16.1200 *et seq.*

49. Ralph and Richard Davenport incorporate the preceding allegations by reference.

*50.* Defendants have negligently violated the TCPA, 47 U.S.C. § 227 *et seq.*, in relation to the Davenports and the class members.

51. As a result of Defendant's negligent violations of the TCPA, the Davenports and class members may recover statutory damages of $500.00 for each and every call in violation of the statute.

52. Alternatively, Defendants have knowingly or willfully violated the TCPA in relation to

Ralph and Richard Davenport and the class members.

53. As a result of Defendants' willful violations of the TCPA, Ralph and Richard Davenport and class members may recover statutory damages of up to $1,500.00 per call in violation of the statute.

## Demand for Jury Trial

54. Ralph and Richard Davenport demand trial by jury in this action.

## Demand For Judgment for Relief

55. *Accordingly, Ralph and Richard Davenport request that the Court:*

   a. Certify this matter as a class action.

   b. Grant statutory damages.

   c. Injunctive Relief barring further violations.

   d. Treble damages.

   e. Attorney fees.

   f. Any other relief this Court deems is just and equitable.

Respectfully Submitted,

By:   s/ Julie A. Petrik (P47131)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney for Richard and Ralph Davenport
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
Julie@MichiganConsumerLaw.com

By: */s/ Rex C. Anderson*
REX ANDERSON PC
Rex C. Anderson, Esq. (P47068)
Attorney for Richard and Ralph Davenport
9459 Lapeer Road

Davison, MI 48423
(810)653-3300
rex@rexandersonpc.net
mied@rexandersonpc.net

Dated: July 23, 2013