UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

RALPH  DAVENPORT,
RICHARD DAVENPORT,
Individually and on behalf others similarly situated,
          Plaintiffs,

          -vs-                                       Case No. 13-CV-13156
                                                     Hon.  Terrence G. Berg
COLLECTO, INC.
          Defendant.

## MOTION FOR RULE 23 CLASS CERTIFICATION

For the reasons set forth in the accompanying motion, Plaintiffs Ralph and Richard Davenport, move this Court for an order certifying this mater as a class action, naming them as Class Representatives, and appointing their attorneys as interim class counsel under Rule 23.   Plaintiffs request that the Court reserve ruling on this question until such time as Plaintiffs have been permitted to conduct discovery on this issue and supplement their briefing with evidence gathered during that time.

By:  s/ JulieA. Petrik (P47131)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney For Ralph and Richard Davenport
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
Julie@MichiganConsumerLaw.Com

Dated: August 16, 2013

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION


RALPH  DAVENPORT,
RICHARD DAVENPORT,
Individually and on behalf others similarly situated,
      Plaintiffs,


 -vs-                              Case No. 13-CV-13156
                                        Hon. Terrence G. Berg
COLLECTO, INC.
      Defendant.

### BRIEF IN SUPPORT OF MOTION FOR RULE 23 CLASS CERTIFICATION

## **TABLE OF CONTENTS**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Part I – Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Part II – Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
      A.    Collecto and the automated technology used by EOS CCA . . . . . . . . . . . . . . . . 1
      B.    The claims at issue in this case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
      C.    Facts Related to the Class Representatives . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
      D.    The Proposed Classes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Part III – Standard of Review for Class Certification . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Part IV – This Case Satisfies the Requirements of Rule 23(a) . . . . . . . . . . . . . . . . . . . . 6
      A.    The proposed classes are so numerous that joinder of the class
            members would be impracticable. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
      B.    The claims at issue present common questions of both law and
            fact that will propel this case forward. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
      C.    The claims of the proposed class representatives are typical
            of the class members who they seek to represent. . . . . . . . . . . . . . . . . . . . . . . 10
      D.    The proposed class representatives and their attorneys will
            adequately represent the interests of the class members. . . . . . . . . . . . . . . . . 12

Part V – The Proposed Classes Satisfies Rule 23(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . 13
      A.    The class issues predominate over those issues
            that relate only to individual class members. . . . . . . . . . . . . . . . . . . . . . . . . . 13
      B.    The class mechanism is superior to other methods of providing
            relief to the class members. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
      C.    Other factors identified in Rule 23(b)(3) support
            predominance and superiority of class mechanism . . . . . . . . . . . . . . . . . . . . . 15

Part VI – Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

i

## <u>TABLE OF AUTHORITIES</u>

### <u>Principal Federal Cases</u>

*Beattie v. CenturyTel, Inc.*, 511 F.3d 554(6th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,12

*Daffin v. Ford Motor Co.*, 458 F.3d 549(6th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . 5,6,7,12

*Damasco v. Clearwire Corp.*, 662 F.3d 891(7th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Gilkey v. Cent. Clearing Co.*, 202 F.R.D. 515 (E.D. Mich. 2001) . . . . . . . . . . . . . . . . . . . . . . 7,11

*Godson v. Eltman, Eltman &  Cooper, P.C.* 285 F.R.D. 255 (W.D.N.Y., 2012) . . . . . . . . . . . . 1

*Gradisher v. Check Enforcement Unit, Inc.,* 203 F.R.D. 271, 276 (W.D. Mich. 2001) . . . . . . . . 7

*In re American Medical Systems, Inc.*, 75 F.3d 1069 (6th Cir.1996) . . . . . . . . . . . . . . . . . *passim*

*In re Scrap Metal Antitrust Litigation,* 527 F.3d 517(6th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . 13

*Lozada v Dale Baker Oldsmobile Inc.*, 197  F.R.D. 321(W.D. Mich. 2000) . . . . . . . . . . . . . 5, 15

*Powers v. Hamilton County Public Defender Com'n,* 501 F.3d 592 (6th Cir. 2007) . . . . . . . . . 10

*Senter v. General Motors Corporation*, 532 F.2d 511(6th Cir. 1976) . . . . . . . . . . . . . . . . . . . 7, 12

*Sprague v. General Motors Corporation,* 133 F.3d 388(6th Cir. 1998) . . . . . . . . . . . . . . . . . . . 8

### <u>Federal Statutes</u>

47 U.S.C. §227 *et seq.,* Telephone Consumer Protection Act Act ("TCPA") . . . . . . . . . . . *passim*

### <u>Federal Rules</u>

Fed.R.Civ.P. Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

## Part I – Introduction

This case involves Collecto's illegal use of regulated calling technology to collect debts. The Telephone Consumer Protection Act (TCPA),  prohibits calls to a person on his or her cellular telephone using an automatic telephone dialing system.  47 U.S.C. § 227(b)(1)(A)(iii).  It also prohibits the placement of calls to cell phones using an artificial voice or prerecorded message (*Id.)*. Collecto used this regulated autodialing and mechanized voice equipment to calls the cell phones of the Davenports and the class members.

Plaintiffs Ralph and Richard Davenport move to  certify this case as a class action under Fed.R.Civ.P. 23(b)(3).  Additionally, the Plaintiffs request that the Court hold this motion in abeyance until after the completion of discovery on class issues and permit Plaintiffs the opportunity to submit a supplemental brief together with evidence adduced through discovery.[1]

## Part II – Background

### A.    Collecto and the Automated Technology used by EOS CCA

Collecto's EOS CCA companies ("Collecto") are one of the largest accounts receivables managements in the United States. http://www.eos-cca.com/EOSCCACompanies.aspx (downloaded Aug. 8, 2013)(Exhibit 2).  It specializes in debt collection in targeted industries including the

---

[1]    Plaintiff files this motion at the outset of the litigation to ensure that Plaintiffs have the opportunity to present class wide issues.  See, *e.g*., *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) ("Class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative CLASS from attempts to buy off the named plaintiffs… If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.").  See also *Godson v. Eltman, Eltman &  Cooper, P.C.* 285 F.R.D. 255 (W.D.N.Y., 2012) permitting further discovery before ruling on a class certification motion; and Advisory Committee's Notes on 2003 Amendments to Fed.R.Civ.P. 23(c)(1)(A) ( "[M]any circumstances may justify deferring the certification decision.").

telecom and   health care industries http://www.eos-cca.com/Industries/Communications.asp (downloaded Aug. 8, 2013)(Exhibit 2).   It markets to its customers that it "provides a total innovative customer care and *receivable management solution including: full call center capabilities,...IVR & dialer programs."*  Further, it advertises that it provides the most cutting edge solutions including: **Dialers, interactive voice messages, text messages, calling campaigns**; and that "EOS CCA's cutting edge telephony software and hardware are integral to all our solutions." (Exhibit 2).

As such, Collect not only possesses and uses this highly-regulated technology in its day-to-day oparerations, it relies on this technology to attract and retain its customers.

**B.**   **The Claims at Issue in this Case**.

The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 holds parties strictly liable for misuse of regulated autodialing and prerecorded voice technology.  In specific, the TCPA prohibits the use of an autodialer or prerecorded voice in a call to a cellular telephone:

> (1) It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –
> ***
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. 47 U.S.C. § 227(b)(1)(A).

47 U.S.C. §227(b)(1)(A)(iii).  Regulations promulgated by the FCC under the TCPA regulations also prohibit autodialed and prerecorded calls to cellular telephones. 47 C.F.R. §64.1200(a)(1)(iii).[2]

---

[2]Consent is not an element of a TCPA plaintiff's case.  The FCC has determined that "a sender should have the obligation to demonstrate that it complied with the rules, including that it had the recipient's prior express invitation or permission." *In re: Rules and Regulations*

2

Under this rule, a plaintiff must show (1) a call was placed to a cell or wireless phone, (2) by the use of any automatic dialing system and/or leaving an artificial or prerecorded message. *Id.* The TCPA specifically provides a private right of action based on violations of subsection. 47 U.S.C. § 227(b)(3).

**C.     Facts Related to the Class Representatives**

Ralph Davenport  – like the proposed class members – has no business relationship with Collecto and owes it no money whatsoever (Ralph Davenport Declaration attached as Exhibit 3). Collecto, nonetheless, improperly targeted the Davenports' cellular phone with its autodialing campaign to collect money (Exhibit 3).  In August and September 2009, Collecto placed several calls to the Davenports cell phone which included an artificial and/or prerecorded message (Exhibit 3).  These calls bore the distinctive hallmark of autodialed calls: dead air and prerecorded voices. (Exhibit 3).

**D.     The Proposed Classes**

As the result of Collecto's conduct described above, Plaintiffs seeks certification of a two nationwide classes.  First, the Davenports seek to certify a class of individuals who Collecto targeted for receipt of calls using its autodialer.  This class would have a common claim under 47 U.S.C. § 227(b)(1)(A) described as follows:

> Autodialer Class –
> 1.      All persons residing in the territorial United States, excluding the Court and its staff,
> 2.      who subscribe to a cellular telephone
> 3.      whose cellular telephone number was dialed by Defendant using an

---

*Implementing The Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278; CG Docket No. 05-338, Release Number FCC 06-42, 21 FCC Rcd 3787, at 3812, 2006 FCC LEXIS 1713; 38 Comm. Reg. (P & F) 167 (April 6, 2006).

automated telephone dialing system in the period starting four years prior to the filing of this suit through the date of certification;

4.      whose phone number was not provided by the creditor as an authorized contact number for the debtor on the account being collected by Defendant.

In addition to the autodialer class, the Davenports also seek to certify the following class of

individuals who have been subjected to mechanical voice technology:

Prerecorded Message and Artificial Voice Class –

1.      All persons residing in the territorial United States, excluding the Court and its staff,

2.      who subscribe to a cellular telephone

3.      to whom Defendant delivered a message using either a prerecorded message and/or an artificial voice over that cellular phone in the period starting four years prior to the filing of this suit through the date of certification;

4.      whose phone number was not provided by the creditor as an authorized contact number for the debtor on the account being collected by Defendant.

As set forth below, these classes are  numerous, ascertainable and meet all the requirements for

certification of a class action under Rule 23.

**Part III – Standard of Review for Class Certification**

In order to proceed as a class action, Rule 23 requires the moving party to meet each of the

four requirements set forth in Rule 23(a).

Rule 23. Class Actions
(a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  In addition to these requirements, the moving party must also satisfy one of

4

the requirements of Rule 23(b).

> (b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if . . . .
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. . . .

Fed.R.Civ.P. 23(b).   See *Davis v. Cintas Corp.*, 717 F.3d 476, 484 (6th Cir. 2013).  In this case, Plaintiff seeks certification of the proposed Class under Rule 23(b)(3).   In order to establish predominance, "a plaintiff must establish that 'the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, ... predominate over those issues that are subject only to individualized proof.' " *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 564 (6th Cir.2007) (quoting *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 136 (2d Cir.2001)).

Case law and public policy embrace class actions as a vital instrumentality of consumer protection. *E.g., Deposit Guar. Nat'l Bank v. Roper,* 445 U.S. 326 (1980).  The decision to certify under that analysis falls within the sound discretion of the trial court.  *Daffin v. Ford Motor Co.*, 458 F.3d 549, 551 (6th Cir. 2006).  The court should resolve any doubt regarding the propriety of certification in favor of allowing certification.  *Lozada v. Dale Baker Oldsmobile, Inc.*, 197 F.R.D. 321, 327  (W.D. MI. 2000) citing *Cross v. National Trust Life Ins. Co.*, 553 F.2d 1026, 1029 (6th Cir. 1977).  See also,  *Eisenberg v. Gagnon*, 766 F.2d 770, 785 (3rd Cir. 1985), *cert. denied*, 474 U.S. 946 (1985).  The district court should resolve factual and legal issues concerning certification. See *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 417 (6th Cir.2012). But, inquiry into the

merits of the case is forbidden in ruling on a motion for class certification.  *Daffin*, 458 F.3d at 553

(citing  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974)).

<u>**Part IV – This Case Satisfies the Requirements of Rule 23(a)**</u>

This matter easily satisfies Rule 23(a)'s requisites to class certification.  Through a common

course of conduct, Collecto used an automatic telephone dialing system and artificial or prerecorded

voice in the placement of calls to cell phones. Through that conduct, Defendant repeatedly violated

the Telephone Consumer Protection Act, 47 U.S.C. §  § 227, *et seq*., ("TCPA"), thereby entitling

recipients of the illegal calls  to statutory damages and injunctive relief.

Defendants made all the calls in the same manner and using the same technology to the

members of the putative Class.  Likewise, the injuries suffered by Plaintiff and the putative Class

as a result of Defendants' conduct are identical.  That is, each putative Class member was subjected

to the aggravation and nuisance and interruption of their daily lives that necessarily accompanies

the receipt of these types of calls thus entitling them to a identical calculation of statutory damages

under the TCPA.

For these reasons and as discussed further herein, the proposed Class meets each of the

requisites of class certification under Federal Rules 23(b)(2) and (b)(3), and this motion may be

granted in its entirety.

**A.**    <u>**The Proposed Classes are so Numerous that Joinder of the Class Members would be
Impracticable.**</u>

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is

impracticable." F.R.Civ.P. 23.  The Sixth Circuit has consistently held that "[t]here is no strict

numerical test for determining impracticability of joinder." *In re American Medical Systems, Inc.*,

75 F.3d 1069, 1079 (6th Cir.1996).   When class size reaches substantial proportions, the

impracticability requirement is usually satisfied by the numbers alone. *Id*; *Daffin*, 458 F.3d 549. The court may consider reasonable inferences drawn from facts before it at an early stage in the proceedings in determining whether the class is sufficiently numerous to make joinder impracticable. *Senter v. General Motors Corporation*, 532 F.2d 511, 523 (6th Cir. 1976). For purposes of joinder, "impracticable" does not mean "impossible." *Rabidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993). Based on the allegations and the reasonable inferences drawn from it, the numerosity requirement of Rule 23 is satisfied by showing that joinder would be difficult or inconvenient. *Allen v. Leis*, 204 F.R.D. 401, 406 (S.D. OH. 2001); *Boggs v. Divested Atomic Corp.*, 141 F.R.D. 58, 63 (S.D. Ohio 1991).

All that must be shown is that general knowledge and common sense indicate that number of class members is significant. *In re American Medical Systems, Inc.*, 75 F.3d. at 1079. *Gilkey v. Cent. Clearing Co.*, 202 F.R.D. 515 (E.D. Mich. 2001). While not an absolute rule, it is generally accepted that a class of 40 or more members is sufficient to establish numerosity. *Gradisher v. Check Enforcement Unit, Inc.,* 203 F.R.D. 271, 276 (W.D. Mich. 2001). The Sixth Circuit has held that a class of 35 was sufficient to meet the numerosity requirement. *Afro American Patrolmen's League v. Duck*, 503 F.2d 294 (6th Cir. 1974).

Here, Plaintiff alleges – and discovery will show – that Defendants placed calls to numerous individuals' cell phones using phone numbers not provided by the creditor as a contact number for the consumer, and did so using the prohibited technology [Dkt. 1¶ 35]. The Collecto website identifies the company as one of the largest debt collection firms in the nation using "cutting-edge telephony" software (Exhibit 2). Collector's website even includes a consumer comment complaining about the volume of calls from Collecto using the automated technology on a debt not

owed and the difficulty getting it to stop calling: ("I've been getting repeated automated calls from this firm, attempting to collect a debt from someone I've never even heard of" (Exhibit 4). There are a total of 112 complaints alone against Collecto on the Better Business Bureau website relating to billing and collection issues - - and no less than four relating to calls to persons who had no association with the accounts at issue (Exhibit 4).

Further discovery will show that this is the tip of the iceberg in relation to Collecto placing calls to individuals who have no relation whatsoever to the underlying account that Collecto is seeking to collect. Based on these facts, there is no question that these classes meet the recognized presumption of numerosity which was acknowledged in *Gilkey* and *Gradisher*. Accordingly, the best economic use of the judicial system would be to bring these individuals to the court in the form a class action, in which a single plaintiff would represent the interests of these individuals. As such, this case should proceed as a class.

**B.**     **The Claims at Issue Present Common Questions of Both Law and Fact that will Propel this Case Forward.**

The next prerequisite for certification is that of commonality. Under this test, the representative plaintiff must show that there are common questions of law or fact. Fed. R.Civ.P. Rule 23(a)(2). In order to meet this test, the plaintiff need only show that there is a *single* question which is common and which advances the litigation. *Sprague v. General Motors Corporation,* 133 F.3d 388, 397 (6th Cir. 1998); *American Medical Systems*, at 1080.

The commonality test is not a demanding requirement. *Sprague*. Rather, this test "is qualitative rather than quantitative, that is, there need be only a single issue common to all members of the class." 1 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, §§ 3.10, at 3-50. This requirement:

8

"deals with shared questions of law or fact.  Although Rule 23(a)(2) speaks of 'questions' in the plural, we have said that there need only be one question common to the class .... **What we are looking for is a common issue the resolution of which will advance the litigation.**"

*Sprague,* 133 F3d at  397 (emphasis added). *Alkire v. Irving*, 330 F.3d 802, 821 (6th Cir. 2003). The "mere fact that questions peculiar to each individual member of the class remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible." *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988).           Here, Plaintiff and the Class's claims are based on the same common contention: that Defendant violated the proscriptions of  the TCPA by placing calls using the prohibited technology to cell phone users whose number was not given as an authorized contact number for the debtor on the account being collected on.  [Dkt 1 ¶ 33].  Defendants made the calls systematically and their conduct affected Plaintiff and the Class members in virtually the identical manner (*i.e.*, subjecting them to the daily interruption and aggravation associated with the receipt of a debt collection call). Moreover, Defendants' unlawful conduct will be proven through the use of common and generalized evidence applicable to the Class as a whole.  As a result, the common factual issues for the Class include,

✓    whether the equipment Defendant used to make the calls in question is an automatic telephone dialing system as defined by the TCPA,

✓    whether Defendant delivered a message using an artificial or prerecorded voice,

✓    whether Defendant was given the number called as an authorized contact number for the debtor on the account being collected on, or had knowledge that the numbers were associated with third parties.

These common factual questions lead to several legal questions common to the Class, including:

9

✔    whether Defendant's conduct constitutes a violation of the TCPA, and

✔    whether Class members are entitled to treble damages based on the willfulness of Defendants' misconduct.

None of the relevant questions relate to the conduct of the class members, but rather all focus exclusively on Collecto's own conduct and culpability in violating the TCPA. Given the narrowness of these key issues and the focus on the conduct of Collecto in resolving the dispute, these facts amply support a finding that common issues of both law and fact exist. This Court should find this case meets the commonality requirements and certify hthis matter as a class action under Rule 23.

**C.    The Claims of the Proposed Class Representatives are Typical of the Class Members Who They Seek to Represent.**

Rule 23(a)(3) requires that the representative plaintiff have claims "typical of the claims ... of the class." This requirement tests whether the interests of the class representative fall in line with those of the class members who he seeks to represent. *Powers v. Hamilton County Public Defender Com'n,* 501 F.3d 592 (6th Cir. 2007)(Citing, *Sprague*, 133 F.3d at 399. A plaintiff meets this requirement when his claims arise from the same event, practice, or course of conduct as those which give rise to those of the class members. *In re American Medical Systems, Inc.*, 75 F.3d at 1082. Likewise, when the plaintiff's claims rest upon the same legal theory as those of the class members, typicality is also satisfied. *Id.*

Typicality, like commonality, is not a demanding requirement. *Sprage*, at 415 [citing *Forbush v. J.C. Penney Co.*, 994 F.2d 1101, 1106 (5th Cir. 1993)]. *Rugambwa v. Betten Motor Sales*, 200 F.R.D. 358 (W.D. Mich 2001) at 362. The typicality requirement, so explained, tends to merge with the commonality requirement. *General Telephone Company of the Southwest v. Falcon*, 457 U.S. 147 at 158 n.13 (1982). At base, the court must determine whether the class

10

representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality. *Little Caesar*, 172 F.R.D. at 242-43; *James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir.2001); *Newberg on Class Actions*, *supra*, § 3.13 at pp. 3-76ff. Typicality may be presumed when the plaintiff's claim "arises from the same event or practice or course of conduct that gives rise to the claims of other class members." *American Medical Systems*, at 1082, quoting *Newberg on Class Actions*, *supra* §§ 3.13, at 3-76  *Gilkey*, at 524.

Here, Plaintiff and the proposed Class were each subjected to Defendant's common course of conduct. That is, Defendant placed calls using the prohibited technology to the cell phones of individuals whose number was not provided as an authorized contact number on the account that EOS CCA sought to collect [Dkt 1. ¶ 20, 23, 24 & 33]. Accordingly, this lawsuit is based on conduct which is not unique to the Davenports but on standardized, uniform conduct of Collecto that is common to all class members. Because the claims in this case are identical for the class members and the Davenports, because Plaintiffs and the other members of the Class suffered substantially the same statutory damage, and because the same relief is sought for all under 47 U.S.C. § (b)(3), the the claims at issue are typical. The interests of the Davenports are completely in line with those of the class members who they seek to represent, and the Court should find that this class meets the typicality requirement of Rule 23.

**D.**    **The Proposed Class Representatives and their Attorneys will Adequately Represent the Interests of the Class Members.**

Rule 23(a) requires that the class members and their counsel be prepared to provide fair and adequate representation to the class.  To demonstrate adequacy, the Sixth Circuit requires the class representative to meet two tests:  1) the representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel.  *Senter*, 532 F.2d at 525; *see also*, *In re American Med. Systems*, 75 F.3d at 1083.  These requirements serve to reveal conflicts of interest between named parties and the class they seek to represent.  *Daffin*, 458 F.3d at 553 citing, *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997).  Because named class members must act through class counsel, adequacy test turns on the competency of class counsel and the absence of "conflicts of interest.  *International Union, United Auto., Aerospace, and Agr. Implement Workers of America v. General,* 497 F.3d 615, 625-626 (6th Cir. 2007).  Class counsel must be qualified, experienced and generally able to conduct the litigation, and to consider whether the class members have interests that are not antagonistic to one another.  *Beattie v. CenturyTel, Inc.,* 511 F.3d 554, 562-563 (6th Cir. 2007) citing *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir.2000).

In this case, the Plaintiffs' interests are common with the interests of each member of the class they seek to certify.  The Davenports are a member of the class and seeks the same legal remedies as every other member of that class.  Here, there are no conflicts of interest among Plaintiffs, their counsel or class members.  Plaintiffs and each class member assert identical claims for  damages arising from the same facts, *i.e.*, the placement of calls to cell phone using the prohibited technology.  Thus, there is no potential for conflicting interests in this action. *Abels v.*

12

*JBC Legal Group*, P.C., 227 F.R.D. 541, 545 (N.D. Cal. 2005) (no conflict where claims asserted by plaintiff and class members arise from defendants' use of form letters allegedly violating the Fair Debt Collection Practices Act).

In addition, Plaintiffs are represented by highly capable and competent counsel experienced in class action litigation and actions under the various consumer protection statutes, including the TCPA. Plaintiffs counsel has represented consumers in both local and national cases (See Declaration of Qualifications of Ian Lyngklip attached as Exhibit 5). Thus, both Plaintiffs and their counsel are more than adequate to represent the putative Class and the final requisite to certification under Rule 23(a) is satisfied.

## Part V – The Proposed Classes Satisfies Rule 23(b)(3)

Once the prerequisites of Rule 23(a) are satisfied, one of the three subsections of Rule 23(b) must be satisfied. Here, Plaintiff seeks certification of the proposed Class under Rule 23(b)(3), seeking monetary damages for the class.

**A.   The Class Issues Predominate Over Those Issues that relate only to Individual Class Members.**

The factors under Rule 23(b)(3) are likewise satisfied in this case. Under Rule 23(b)(3) the common issues of law or fact must predominate over individual issues. *In re Scrap Metal Antitrust Litigation,* 527 F.3d 517, 535 (6th Cir. 2008). In other words, the proposed class must be "sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623(1997). The fact that individual issues will remain after the class litigation does not control whether or not to certify a class. *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir.1988). *In re American Medical Systems, Inc.,* 75 F.3d at 1084. Even where individual issues of damages exist, those issues will not necessarily predominate over common issues where

liability can be determined for the entire class.   *Olden v. LaFarge Corp.*, 383 F.3d 495, 507-508 (6th Cir.2004).

In this case, there are no individual issues that pose the potential of overwhelming the common questions.   Rather, the claims in this case all arise from Collecto's standardized conduct of placing calls to the cell phones of persons whose numbers were not authorized contact numbers for the debts that it collected, using the prohibited technology.   Moreover, the evidence necessary to prove Plaintiffs' and Class's claims—including the technology that was used, the dialer systems, the method (artificial voice or prerecorded message) of conveying the content of the  messages, to what phone numbers they were sent, and how Defendant obtained those phone numbers—will come from within Defendant's own records, rather than from individual Class members themselves.

That common issues predominate is also bolstered by the fact that the remedy in this case, statutory damages, does not require significant difficulty to determine.   *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v Las Vegas Sands*   244 F.3d 1152, 1163 (9th Cir.2001) ("Individualized issues are few, and most of them are likely to be relatively easy. For example, the damages for individual class members will entail a straightforward calculation of which days and how many hours they would have worked, and how much they would have earned in tips.")

The calculation of damages in a TCPA case is a simple matter of calculating the number of texts (a fact easily gleaned from Defendant's call records  or cell phone records) and determining whether the violation was willful - - the resolution of which is common to all Class member.  It is clear that the claims at issue – Defendant's violation of the TCPA - presents numerous common and predominate issues for the Class and are subject to generalized proof.  As such, predominance requirement is satisfied.

14

**B.**   **The Class Mechanism is Superior to other Methods of Providing Relief to the Class Members.**

Actions brought under Rule 23(b)(3) must also be superior to other means of adjudication. This requirement is designed to promote judicial economy.   Litigation should be brought as a class action if individual suits would yield small recoveries. The Supreme Court stated that "'[t]he policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.' " *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (quoting *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir.1997)).

Consumer cases where the anticipated recovery is small lend themselves particularly well to class treatment.   Small recoveries do not encourage individuals to bring suit, thus rendering the class mechanism superior. *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 567 (6th Cir. 2007).   *Lozada v Dale Baker Oldsmobile Inc.*, 197  F.R.D. 321, 332-333 (W.D. Mich. 2000) (class action format permits a large group of claimants to have their claims adjudicated in a single lawsuit where the awesome costs of discovery and trial would deter individual claims).

**C.**   **Other Factors Identified in Rule 23(b)(3) Support Predominance and Superiority of Class Mechanism.**

Consideration of the other factors listed in Rule 23(b)(3) bolsters the conclusion that this case is particularly well suited for class certification.   Ordinarily, these factors are (A) the interest of class members in individually controlling the prosecution of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by other class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action.  Fed. R. Civ.

15

P. 23(b)(3)(A)-(D).

First, class members have no particular interest in individually controlling the prosecution of separate actions. Statutory damages cannot exceed $1,500 per violation and there are no anticipated damages particularized to any individual claimant. Furthermore, the TCPA does not provide for attorney fees for successful prosecution of claims. Accordingly, none of the class members would have a strong incentive to pursue the case individually given the resources necessary to prosecute the case.

Second, Plaintiff is not aware of any other litigation regarding the this TCPA violation by Collecto.

Third, there are no peculiar difficulties likely to be encountered in the management of this case as a class action. Indeed, this case involves a standardized, uniform practice of making calls using automated technology. Thus, the evidence necessary to identify the dates and times of the violations and the Class members are likely available on electronic records in the possession of Collecto itself. As such, case management should be straightforward.

Finally, absent class treatment each individual Class member would be required to present the same or essentially the same legal and factual arguments, in separate and duplicative proceedings, the result of which would be a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants. Such a result would be neither efficient nor fair to anyone, including Defendant. Finally, class certification would promote consistency of rulings and judgments for the common course of conduct present in this case, and give the parties the benefit of finality.

This consumer class action is precisely the type of case most efficiently litigated through the

16

class mechanism. The superiority criteria has been met.  Additionally, as shown above, the other Rule 23(b)(3) factor, predominance of class issues has been met and this case is appropriate for class certification. For a small claim such as that at issue in this case, there is simply no better method than a class action for resolving the claims of the class members.

### **Part VI – Conclusion**

For the reasons set forth in the brief above, and which will be borne out by class discovery, this case is appropriate for class certification.  Accordingly, Plaintiffs, on their own behalf and on behalf of the proposed Class, respectfully request that the Court (I) reserve ruling on Plaintiffs' Motion for Class Certification; (ii) allow for and schedule discovery to take place on class-wide issues;  (iii) grant leave to file supplemental memorandum in support theirMotion for Class Certification upon the conclusion of class wide discovery; (iv) grant Plaintiffs' Motion for Class Certification after full briefing of the issues presented herein; and (v) provide all other further relief that the Court deems reasonable and just[3].

---

[3] Plaintiff respectfully reserves the right to amend the definitions of the Class, as appropriate, at the conclusion of class wide discovery.

17

By:  s/ JulieA. Petrik (P47131)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney For Ralph and Richard Davenport
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
Julie@MichiganConsumerLaw.Com

Dated: August 16, 2013

18