UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RALPH DAVENPORT,<br>RICHARD DAVENPORT,<br>Individually and on behalf others similarly situated,<br>Plaintiffs,<br><br>            Plaintiffs,<br><br>      v.<br><br>COLLECTO, INC.,<br><br>            Defendant | Case No. 13-cv-13156-TGB-PJK<br><br>**CLASS ACTION**<br><br>**DEFENDANT COLLECTO, INC'S ANSWER TO CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES** |

### ANSWER

Defendant Collecto, Inc. ("Collecto"), hereby answers and otherwise responds to the Class Action Complaint ("Complaint") filed by Plaintiffs Ralph Davenport and Richard Davenport ("Plaintiffs"). Collecto's responses are made without waiving, and expressly reserving, all rights Collecto has to file dispositive motions addressed to some or all of the claims asserted in the Complaint. Except as expressly admitted herein, each and every allegation in the Complaint is denied.

### Jurisdiction

1.   Paragraph 1 contains conclusions of law to which no response is required. To the extent a response is necessary, Collecto states only that jurisdiction is proper pursuant to 47 U.S.C. § 227 *et seq.*, and 28 U.S.C. §§1331, 1337.

### Parties

2.   Paragraph 2 contains conclusions of law to which no response is required. To the extent a response is necessary, Collecto states that it has no knowledge or information sufficient

to form a belief as to Ralph Davenport's citizenship or residence, and therefore denies the allegations contained in Paragraph 2.

3. Paragraph 3 contains conclusions of law to which no response is required. To the extent a response is necessary, Collecto states that it has no knowledge or information sufficient to form a belief as to Richard Davenport's citizenship or residence, and therefore denies the allegations contained in Paragraph 3.

4. In response to the allegations in Paragraph 4 of the Complaint, Defendant admits it is a corporation which conducts business in Michigan. Defendant formerly conducted business under the name of Collection Company of America. Defendant currently does business under the name "EOS CCA." Defendant admits it collects debts for AT & T.

### Venue

5. Collecto states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore denies them.

6. Paragraph 6 contains conclusions of law to which no response is required. To the extent a response is necessary, Collecto states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations contained in Paragraph 6.

### Background Concerning Collecto

7. Paragraph 7 contains conclusions of law to which no response is required. To the extent a response is necessary, Collecto states that it collects accounts. Collecto denies all other allegations contained in Paragraph 7.

8. In response to the allegations in Paragraph 8, Collecto admits only that it makes collection calls. Collecto states that it has no knowledge or information sufficient to form a

belief as to the truth of the remainder of the allegations contained in Paragraph 8, and therefore denies them.

9. In response to the allegations in Paragraph 9, Collecto admits only that it makes collection calls. Collecto states that it has no knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 8, and therefore denies them.

10. Paragraph 10 contains conclusions of law to which no response is required.

11. Collecto states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and therefore denies them.

12. Collecto states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and therefore denies them.

### General Allegations

13. Collecto states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore denies them.

14. Collecto states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and therefore denies them.

15. Collecto states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and therefore denies them.

16. Collecto states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and therefore denies them.

17. Collecto states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and therefore denies them.

**Legal Allegations**

18.     In response to the allegations contained in Paragraph 18, Collecto admits only that Richard and Ralph Davenport purport that their claims arise under the TCPA. Collecto asserts that the remainder of said paragraph contains conclusions of law to which no response is required.

19.     Paragraph 19 contains conclusions of law to which no response is required.

20.     Collecto states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, and therefore denies them.

21.     Answering Paragraph 21 of the Complaint, Defendant denies it used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1). Defendant has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and therefore denies them.

22.     Collecto states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and therefore denies them.

23.     Collecto states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and therefore denies them.

24.     Collecto states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and therefore denies them.

25.     Collecto states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and therefore denies them.

26.     Collecto denies the allegations contained in Paragraph 26.

**Common Allegations**

27.     Paragraph 27 contains conclusions of law to which no response is required.

28. Collecto states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and therefore denies them.

29. Collecto denies the allegations contained in Paragraph 29

30. Collecto states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, and therefore denies them.

31. Collecto states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, and therefore denies them.

## Class Definition and Class Issues

32. In response to the allegations contained in Paragraph 32, Collecto admits only that Plaintiffs purport to bring this action as described. Collecto denies all other allegations contained in Paragraph 32 and specifically denies that any class should be certified.

33. In response to the allegations contained in Paragraph 33, Collecto admits only that Plaintiffs purport to bring this action as described. Collecto denies all other allegations contained in Paragraph 33, and specifically denies that any class should be certified.

34. Collecto states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, and therefore denies them.

35. Collecto denies the allegations contained in Paragraph 35, and specifically denies that any class should be certified.

36. Collecto denies the allegations contained in Paragraph 36, and specifically denies that any class should be certified.

37. In response to the allegations contained in Paragraph 37, Collecto admits only that Plaintiffs purport to seek monetary damages. Collecto denies that Plaintiffs are entitled to monetary damages and specifically denies that any class should be certified.

38. Paragraph 38 contains conclusions of law to which no response is required. To the extent a response is necessary, Collecto denies the allegations contained in Paragraph 38, including all subparts, and specifically denies that any class should be certified.

39. Collecto denies the allegations contained in Paragraph 39, and specifically denies that any class should be certified.

40. Collecto states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and therefore denies them.

41. Collecto states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41, and therefore denies them.

42. Collecto states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, and therefore denies them.

43. Collecto states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, and therefore denies them.

44. Collecto states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44, and therefore denies them.

45. Collecto states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45, and therefore denies them.

46. Collecto denies the allegations contained in Paragraph 46, and specifically denies that any class should be certified.

47. Collecto denies the allegations contained in Paragraph 47, and specifically denies that any class should be certified.

48. Collecto denies the allegations contained in Paragraph 48, and specifically denies that any class should be certified.

49. Collecto denies the allegations contained in Paragraph 49, and specifically denies that any class should be certified.

**COUNT I – Class Claim under the Telephone Consumer Protection Act of 1991 and 47 C.F.R. 16.1200 et seq.**

50. Collecto hereby incorporates by reference its answers and responses to the allegations contained in Paragraphs 1-49, as if fully set forth herein.

51. Collecto denies the allegations contained in Paragraph 51.

52. Collecto denies the allegations contained in Paragraph 52.

53. Collecto denies the allegations contained in Paragraph 53.

**Demand for Jury Trial**

54. Paragraph 54 contains no factual allegations to which a response is required. To the extent a response is necessary, Collecto admits that Plaintiffs purport to demand a jury trial.

**DEMAND FOR JUDGMENT FOR RELIEF**

55. Paragraph 55 contains no factual allegations to which a response is required. To the extent a response is required, Collecto denies that any class should be certified, and denies that Plaintiffs and any of the putative class members are entitled to any relief.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted for numerous reasons.

**SECOND DEFENSE**

All putative class allegations and claims should be stricken or dismissed, and any class certification motion should be denied, because this case is not appropriate for certification as a class action under Federal Rule of Civil Procedure 23.

### THIRD DEFENSE

Plaintiffs lack standing to assert the claims, in whole or in part.

### FOURTH DEFENSE

Recovery on Plaintiffs' TCPA claim is barred or limited by all defenses, statutory or otherwise, including, but not limited to, the fact that Collecto did not use an "automatic telephone dialing system" to make any telephone calls; the fact that Plaintiffs were not charged for the calls; the fact that Collecto's alleged conduct was not intentional and resulted from bona fide error; and the fact that Collecto acted in good faith.

### FIFTH DEFENSE

Collecto reserves the defense that Plaintiffs' claims may be barred by their agreement to resolve this dispute through an alternative dispute mechanism, including mediation or arbitration, and by their consent and agreement to receive calls on their cellular telephones.

### SIXTH DEFENSE

Plaintiffs' claims are barred by their consent and agreement to receive calls on their cellular telephones.

### SEVENTH DEFENSE

Recovery is barred or limited by the doctrines of *pari delicto* and/or unclean hands.

### EIGHTH DEFENSE

With respect to absent class members, in the event Plaintiffs are allowed to pursue class certification, Collecto reserves all affirmative defenses and claims, including, but not limited to, the defenses of lack of personal or subject matter jurisdiction, lack of standing, arbitration, bankruptcy, and/or that their claims may be barred by principles of *pari delicto* and/or unclean

hands, *res judicata*, collateral estoppel, claim preclusion, judgment, or waiver or similar concepts.

## NINTH DEFENSE

The claims of Plaintiffs and/or the absent putative class members' claims are barred, in whole or in part, by the applicable statute of limitations and/or by laches.

## TENTH DEFENSE

To the extent Collecto made the telephone calls at issue, they were made on behalf of third party creditors. Collecto hereby pleads and relies upon all rights and defenses that arise by virtue of the status, conduct, or rights of those third parties, including the protections of banking preemption, of arbitration contracts agreed to by Plaintiffs and/or the absent putative class members that bar a lawsuit of this type, and of consents obtained by any such party.

## ELEVENTH DEFENSE

The claims are barred or limited by estoppel, waiver, assumption of risk, and similar concepts.

## TWELFTH DEFENSE

Plaintiffs have not incurred any actual damage, including physical injury, pecuniary injury, dignitary injury, emotional distress, out-of-pocket harm or other injuries justifying a claim for actual damages as a result of the alleged conduct of Collecto.

## THIRTEENTH DEFENSE

The United States Constitution bars or limits the relief requested by Plaintiffs, on their behalf and on behalf of the putative class, if and to the extent the relief would unfairly subject Collecto to punishment and/or to an unfairly extreme remedy without advance notice or opportunity to protect itself, or the relief would amount to a taking, or the relief would be out of

proportion to the alleged conduct, or the remedy is unrestricted by sensible standards, or the relief would have an unfair economic impact on Collecto.

### FOURTEENTH DEFENSE

Collecto relies on any and all defenses and limitations applicable to obligors on the relevant account, co-obligors on the relevant account, subscribers to the cellular telephone number, and co-subscribers to the cellular telephone number.

### FIFTEENTH DEFENSE

Plaintiffs' claims are barred because the TCPA does not apply to to debt collection calls.

### SIXTEENTH DEFENSE

Collecto hereby gives notice that it will rely upon such other and further defenses as may become apparent during the course of this action.

### SIXTEENTH DEFENSE

Collecto expressly reserves its right to amend this Answer, including, but not limited to, by asserting additional defenses or making additional claims for further relief, as discovery in this action shall warrant, or in the event of any future change in the nature or scope of this lawsuit.

### **PRAYER FOR RELIEF**

WHEREFORE, having fully answered the Complaint, Collecto respectfully requests:

1. that the Complaint be dismissed with prejudice and that Plaintiffs take nothing thereby; and

2. that Collecto be awarded its costs and disbursements herein, and a reasonable attorneys' fee, to be taxed or awarded as provided by law.

                    Respectfully submitted,

Dated: September 18, 2013      By: /s/ Charity A. Olson
                                          Charity A. Olson
                                          OLSON LAW GROUP
                                          106 E. Liberty, Ste. 303
                                          Ann Arbor, MI 48104
                                          Tel: (734) 222-5179
                                          Fax: (866) 941-8712

*Attorneys for Defendant Collecto, Inc.*

## Proof of Service

    I, Charity A. Olson, hereby state that on September 18 2013, I electronically filed the foregoing instrument with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

                                          /s/ Charity A. Olson
                                          CHARITY A. OLSON